IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STEPHON SUGGS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:23-cv-383 (MTT) |
| UNIT MANAGER WARD, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Plaintiff Stephon Suggs, a prisoner incarcerated at Telfair State Prison, filed this pro se 42 U.S.C. § 1983 action.  Doc. 1.  On November 8, 2023, Suggs was ordered to file a recast complaint within fourteen days using the Court's standard form and was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of this action.  Doc. 5.  Fourteen days passed and nothing was filed.  Thus, Suggs was ordered to show cause why this action should not be dismissed for failure to comply with the Court's orders.  Doc. 6.  In response, Suggs filed various miscellaneous documents.  First, Suggs filed an affidavit seeking—among other things—appointment of a special master and a three-judge panel, a meeting with a United States Marshal and a Georgia Bureau of Investigations agent, return of missing property, and another copy of the Court's standard form(s).[1]  Doc. 7.  Suggs next moved for a temporary restraining order directing defendants to provide him

---

[1] Suggs also asserted his innocence of the crimes for which he is imprisoned and complained about the conditions of his confinement.  Doc. 7.

adequate medical care and to refrain from retaliating against him. Docs. 8; 8-1. Last, Suggs moved for an extension of time to recast his complaint, in part, because he needed another copy of the Court's standard form. Doc. 9. The Court mailed Suggs another copy of the Court's standard form on December 27, 2023, and granted the extension on December 28, 2023. On January 23, 2024, Suggs again moved for an extension, which the Court granted. Docs. 10; 11. But Suggs never filed a recast complaint. [2] Accordingly, United States Magistrate Judge Charles Weigle recommends dismissing this action without prejudice for failure to comply with the Court's orders and instructions and for failure to prosecute. Doc. 13. The Magistrate Judge also recommends denying Suggs's motion for injunctive relief as moot. *Id*.

There are no objections. Accordingly, the Court reviews the Recommendation for clear error pursuant to 28 U.S.C. § 636(b)(1). After review, the Court accepts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 13) is **ADOPTED** and made the Order of the Court. As previously warned, the failure to comply with the Court's orders and instructions is grounds for dismissing this case. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citing *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)). [3]

---

[2] The Court's order (Doc. 11) granting Suggs's second motion for an extension of time (Doc. 10) was returned to the Court as undeliverable and was marked with a notation indicating Suggs "refused to sign for and accept this letter." Doc. 12.

[3] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

This action is hereby **DISMISSED** without prejudice,[4] and Suggs's motion for injunctive relief (Doc. 8) is **DENIED** as **MOOT**.

    **SO ORDERED**, this 27th day of March, 2024.

                                                    S/ Marc T. Treadwell
                                                    MARC T. TREADWELL, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT

---

[4] Dismissal without prejudice is generally appropriate under Rule 41(b) where a plaintiff has failed to comply with a court order, "'especially where the litigant has been forewarned.'" *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 655 (11th Cir. 2009) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). Here, Suggs's complaint brings claims under 42 U.S.C. § 1983, and all constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). Georgia has a two-year statute of limitations for personal injury actions. *See* O.C.G.A. § 9-3-33. Consequently, some of Suggs's claims are likely now barred. Based on the facts of this case, however, the Court finds both a clear record of delay and that lesser sanctions would be inadequate. *See Mingo v. Sugar Cane Growers Co-op. of Fla.*, 864 F.2d 101, 102-03 (11th Cir. 1989).